### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

MICAH WENGER,

    *Plaintiff*,

v.

CLAIRE SERRAULT-WISEMAN,

    *Defendant*.

Case No. 25-cv-1091-EFM-BGS

### MEMORANDUM AND ORDER

Pro se Plaintiff Micah Wenger brings suit against Defendant Judge Claire Serrault-Wiseman, a District Court Magistrate Judge in the 28th Judicial District of Saline County, Kansas. Plaintiff brings claims relating to a case proceeding in the District Court of Saline County. Before the Court is Defendant's Motion to Dismiss (Doc. 8). She asserts that (1) the Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine, (2) judicial and sovereign immunity bars Plaintiff's claim, and (3) Plaintiff fails to state a claim. For the reasons stated in more detail below, the Court finds that it must abstain from exercising jurisdiction over most claims pursuant to *Younger*. To the extent there are remaining damages claims, judicial and sovereign immunity bar those claims. Thus, the Court grants Defendant's Motion.

I. **Factual and Procedural Background**[1]

On May 9, 2025, Plaintiff filed this suit. Although Plaintiff's Complaint is not clear, it appears that Plaintiff alleges that Defendant Magistrate Judge Serrault-Wiseman's actions of signing warrants and orders in a state court juvenile proceeding violated his constitutional rights. Plaintiff alleges that he has "no obligation to comply with said WARRANT(S) and ORDER(s) issued against [his] child, as doing so would render [him] as a 'legal person(s)' and place [him] and [his] child's rights under State (administrative) authority." He appears to allege 16 purported causes of action related to a proceeding occurring in state court: (1) misappropriation of government monies; (2) unauthorized practice of law; (3) filing false public document(s); (4) breach of duty of care; (5) breach of sworn oath; (6) abuse of authority; (7) gross negligence; (8) deprivation of rights under color of law; (9) conspiracy to commit deprivation of rights; (10) failure to uphold the law; (11) misrepresentation; (12) unlawful adjudication; (13) judicial entrapment; (14) treason; (15) unlawful ex parte communications; and (16) electing to ignore [his] constitutionally protected rights.

Plaintiff demands that the underlying state case (2024-JV-000076) be dismissed,[2] Magistrate Judge Serrault-Wiseman's orders be reversed, his "rights from the Bill of Rights be recognized," and that unlawful documents have his signature rescinded from them. In addition, he seeks a jury trial and $35,000,000 in damages.

Defendant filed a Motion to Dismiss asserting that (1) the Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine, (2) judicial and sovereign immunity bars Plaintiff's claim, and (3) Plaintiff fails to state a claim. Plaintiff did not file a

---

[1] The facts in this section are taken from Plaintiff's Complaint. The Court also takes judicial notice of the case proceeding in state court.

[2] Saline County Case No. 2024-JV-000076 is a juvenile proceeding brought under K.S.A. § 38-2301, *et. seq*.

response. Plaintiff instead filed an "Addendum to Suit at Common-Law with Demand for Recusal and Demand for Constitutional Compliance." In this Addendum, he does not address Defendant's Motion and primarily asserts allegations against a non-party, Nathan Dickey. The Court will address Defendant's Motion and the Addendum below.

## II.     Legal Standard

### A.     Rule 12(b)(1) Standard

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack.[3] "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[4] In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings.[5] In that instance, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[6]

### B.     Rule (12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[7] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim

---

[3] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

[4] *Id.* at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990)).

[5] *Id.* at 1003.

[6] *Id.*

[7] Fed. R. Civ. P. 12(b)(6).

to relief that is plausible on its face.'"[8] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[9] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[10] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[11] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[12] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[13]

C.   **Pro Se Litigants**

Plaintiff's filings were prepared pro se, therefore his complaint is held to "less stringent standards than formal pleadings drafted by lawyers."[14] A pro se litigant is entitled to a liberal construction of his pleadings.[15] However, it is not the proper role of a district court to "assume the

---

[8] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[10] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[11] *Iqbal*, 556 U.S. at 678–79.

[12] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[13] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[14] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[15] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

role of advocate for the pro se litigant."[16] As it relates to motions to dismiss generally, the Court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[17] Plaintiff, however, still has a "burden of alleging sufficient facts on which a recognized legal claim could be based."[18]

### III.     Analysis

Defendant asserts that (1) *Younger* abstention requires dismissal of Plaintiff's claims, (2) Defendant is entitled to judicial and sovereign immunity, and (3) Plaintiff fails to state a claim. The Court concludes that it either must abstain from exercising jurisdiction over Plaintiff's claims or that his claims are barred by judicial and/or sovereign immunity.

**A.     *Younger* Abstention**

Under *Younger* abstention, federal courts must abstain from exercising jurisdiction if the "federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims."[19] Once these conditions are met, absent extraordinary circumstances, abstention under *Younger* is mandatory.[20] When *Younger* abstention applies, a court must dismiss without prejudice any claims for declaratory or injunctive relief and stay proceedings seeking damages.[21]

Here, all factors for abstention are met. First, Plaintiff's claims arise out of Magistrate Judge Serrault-Wiseman's role as a judge in a juvenile proceeding currently proceeding in Saline

---

[16] *Id.*

[17] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (citations omitted).

[20] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

[21] *Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010) (citation omitted).

County. Indeed, Plaintiff requests that this Court dismiss the state proceeding. Second, the state court proceeding implicates important state interests as it involves both criminal matters and the custodial rights of parents.[22] Finally, the third factor is met because it has been repeatedly determined by this Court that the state district courts of Kansas provide an adequate forum to address constitutional claims.[23] Furthermore, Plaintiff does not respond to Defendant's Motion and presents no extraordinary circumstances applicable to this case.[24] Accordingly, *Younger* abstention is applicable to Plaintiff's claims.

### B.  Judicial and Sovereign Immunity

To the extent the Complaint raises federal damages claims that are not intertwined with the merits,[25] other reasons warrant dismissal of those claims. Plaintiff seeks $35,000,000 in damages against Magistrate Judge Serrault-Wiseman. These damages allegedly stem from the state court juvenile proceeding in which Magistrate Judge Serrault-Wiseman issued orders relating to an arrest warrant for the juvenile and removal of the juvenile from the custody of the parent. It is well established that judges have absolute immunity from civil damages in the performance of their judicial duties.[26] This immunity applies even if the action the judge took was in error, was done

---

[22] *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (stating that "state criminal proceedings are viewed as a traditional area of state concern") (quotation marks and citation omitted); *Chapman*, 372 F. App'x at 902 (noting that "custody issues are traditional state-law matters that implicate important state interests").

[23] *See Tinner v. Foster*, 2012 WL 1473417, at *4 (D. Kan. Apr. 27, 2012); *see also Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) ("State courts are generally equally capable of enforcing federal constitutional rights as federal courts.") (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).

[24] *See Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995) (noting that the plaintiff has the burden to assert more than mere allegations of bad faith, harassment, or other extraordinary circumstances to overcome *Younger* abstention).

[25] *See Chapman*, 372 F. App'x at 902 (noting that for damages claims, "the rationale for *Younger* abstention can be satisfied . . . by just staying proceedings . . . until the state proceeding is final.") (citation omitted).

[26] *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

maliciously, or exceeded the judge's authority.[27] Only where a judge acted in the "clear absence of all jurisdiction" will immunity be overcome.[28]

Here, Plaintiff's claims are all based on Magistrate Judge Serrault-Wiseman's actions in the underlying state action. Thus, Magistrate Judge Serrault-Wiseman is protected by judicial immunity. Furthermore, to the extent Plaintiff asserts damage claims against Magistrate Judge Serrault-Wiseman in her official capacity,[29] these claims would essentially be ones against the State of Kansas, which would be barred by virtue of the Eleventh Amendment.[30] Accordingly, any damages claims that are not covered by the *Younger* abstention doctrine are barred by judicial and sovereign immunity.

## C. Plaintiff's Addendum

Finally, the Court notes that Plaintiff failed to respond to Defendant's Motion to Dismiss. Instead, he filed an Addendum, but it is improper as it is not a pleading allowed under Fed. R. Civ. P. 7.[31] He does not address Defendant's arguments for dismissal, and a plaintiff abandons his claims when he fails to substantively respond to a defendant's arguments.[32] The Court recognizes that Plaintiff proceeds pro se, and his pleadings must be liberally construed.[33] However, it is

---

[27] *Id.* at 356.

[28] *Id.* at 356–57 (citation omitted).

[29] The Complaint is silent on which capacity Defendant is sued.

[30] *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.") (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).

[31] Fed. R. Civ. P. 7(a)–(b) (setting forth allowed pleadings and motions).

[32] *See Tronsgard v. FBI Fin. Grp., Inc.*, 312 F. Supp. 3d 982, 1009 (D. Kan. 2018) (dismissing plaintiffs' rescission claim because "plaintiffs don't respond substantively to defendants' argument . . . thus [the court] assumes that plaintiffs have abandoned their [claim].").

[33] *Trackwell*, 472 F.3d at 1243.

unclear what Plaintiff seeks to do with this Addendum.[34] In it, he appears to name Nathan Dickey, Assistant Saline County Attorney, as a party to the lawsuit and assert similar claims against him.[35] If Plaintiff intends to file an amended complaint, he must file a motion for leave to file an amended complaint, and he must attach the amended complaint. As previously discussed, Plaintiff's claims against Magistrate Judge Serrault-Wiseman are subject to dismissal due to *Younger* abstention and judicial immunity, so if Plaintiff chooses to file a motion for leave to file an amended complaint, his proposed amended complaint cannot include her as a party.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that if Plaintiff intends to file an amended complaint, he must file a motion for leave to file an amended complaint, attaching the proposed amended complaint to his motion. This motion, and proposed pleading, shall be filed within 14 days of this Order. If nothing is filed, the Court will close this case.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[34] Plaintiff's Addendum was entitled "Addendum to Suit at Common-Law with Demand for Recusal and Demand for Constitutional Compliance." Nothing in this document addressed recusal, and thus the Court will not address it.

[35] Plaintiff's Addendum primarily addresses actions purportedly taken by Dickey. He references Magistrate Judge Serrault-Wiseman by stating that she conspired with Dickey, and he seeks $50,000,000 in damages against both Dickey and Serrault-Wiseman. Plaintiff, however, seemingly abandons his claims against Magistrate Judge Serrault-Wiseman in the Addendum.